No. 13,005.

PROTHEROE ET AL. *v.* BONSER.
(28 P. [2d] 807)

Decided December 22, 1933. Rehearing denied January 22, 1934.

Messrs. Strachan & Horn, for plaintiffs in error.

Mr. George B. Gould, Mr. P. M. Kistler, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff below, Bonser, defendant in error here, as a subcontractor of defendant Protheroe, brought this action against Protheroe and the St. Francis sanatorium or hospital to foreclose a mechanic's lien for work and labor performed on a building owned by the hospital which the defendant, Protheroe, as principal contractor, had agreed to construct. Bonser's contract with Protheroe was for lathing and plastering the building or structure in question. The hospital, though served with process, did not appear in the action and default was entered against it. This writ of error is being prosecuted by Protheroe alone in his own behalf for a review of the adverse judgment which the trial court rendered against him for the balance due under the subcontract and making the same a lien upon the structure in question.

One of the defenses pleaded by Protheroe to the complaint was that the plaintiff did not complete the plastering job which he agreed to do under the terms of the contract with Protheroe, and that Protheroe, for the alleged reason that the subcontract between him and Bonser had been abandoned by the latter, was compelled at his own expense to complete the contract himself, and for that reason he refused to make any payment to Bonser on the claim which the latter asserted. Protheroe, in his brief, thus states the sole question to be determined here as follows: "Thus the issue was narrowed to the single question of whether or not the plaintiff abandoned the contract without cause?"

Assuming for the purpose of this review that that is the sole question now before us for determination, we say that the evidence upon this issue was submitted to the trial court, without a jury, and upon evidence, which in some respects was conflicting, the trial court found the issue of fact in favor of the plaintiff, and rendered a decree thereupon establishing the statutory lien upon the structure for the balance which it found to be due the plaintiff for work and labor which he had performed under his contract with Protheroe upon the hospital building.

If the trial court was right in its finding upon the evidence produced that the plaintiff did not abandon the contract, and that Protheroe wrongfully refused to permit the plaintiff to continue with the work which he had agreed to do upon the building, this judgment, according to the admission by defendant's counsel in his brief, is right and cannot be interfered with. It would serve no useful purpose to reproduce even the substance of the testimony upon this issue because it is conflicting. If the trial court believed the testimony of the plaintiff, as it did, it could no nothing else than render the judgment under review. It is sufficient to say that on the supposition that plaintiff's evidence was believed to be true by the trial court, as it was, this court, under the established rule in this jurisdiction, may not interfere therewith. We have examined this testimony and are satisfied that it is sufficient to sustain the plaintiff's theory of the case. The trial court was in better position to judge of the credibility of the witnesses than we are. The case as made by the plaintiff's evidence justified its finding of fact in favor of the plaintiff, and the decree entered upon these findings cannot be interfered with.

The judgment is therefore affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.